UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London and Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 04-54-DCR |
| Plaintiff, ) | and |
| ) | Criminal Action No. 7: 01-17-DCR |
| V. ) | and |
| ) | Civil Action No. 6: 09-7069-DCR |
| LEON COMBS, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 7, 2012, the Court determined that Defendant Leon Combs had filed a second or successive motion seeking relief under 28 U.S.C. § 2255. As a result, the matter was transferred to the United States Court of Appeals for the Sixth Circuit. Combs has now filed a motion for reconsideration which the Court considers under Rule 59(e) of the Federal Rules of Civil Procedure.

The purpose of a Rule 59(e) motion is to allow the district court to make its own corrections, thus sparing the parties and appellate court the burden of unnecessary appellate proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). However, while Rule 59 allows for reconsideration of a court's judgment, it does not permit parties to effectively "re-argue a case." *Howard*, 533 F.3d at 475 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions to reconsider are not "designed to give an unhappy litigant an opportunity to relitigate matters already decided." *Davidson v. Roadway*

*Express, Inc.*, 562 F.Supp.2d 971, 985 (N.D. Ohio 2008). Rather, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted).

The Seventh Circuit defines "manifest error" as the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (also noting that "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"). Similarly, the Northern District of Texas, which refers to "manifest error" as "clear error," explained that:

> There is no precise definition in the law for what constitutes "clear error," though it's clear that any analysis of clear error should conform to a very exacting standard. District courts should have a clear conviction of error before finding that a . . . judgment was predicated on clear error. In essence, a judgment must be "dead wrong" to qualify as being clearly erroneous.

*H & A Land Corp. v. City of Kennedale*, No. 04:02-458, 2005 U.S. Dist. LEXIS 25797, *5 (N.D. Tex. Oct. 24, 2005) (internal citations and quotation marks omitted). Based on these definitions, to prevail on a Rule 59(e) motion based on "manifest error of law," the moving party must not only demonstrate that errors were made, but that these errors were so egregious that an appellate court could not affirm the district court's judgment.

Here, Combs has failed to demonstrate any error of law or present new evidence which would alter the Court's earlier analysis. Accordingly, it is hereby

**ORDERED** that Defendant Combs's motion to reconsider [Record No. 103 in Criminal Action No. 7: 01-17-DCR and Record No. 111 in Criminal Action No. 6: 04-54-DCR] is **DENIED**.

This 26th day of September, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge